UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BANK OF NEW YORK<br>*Plaintiff*, | )<br>)<br>) | 3:19-CV-01161 (KAD) |
| v. | )<br>) | |
| CONSIGLIO, et al<br>*Defendant*s. | )<br>) | August 1, 2019 |

## ORDER OF REMAND

Kari A. Dooley, United States District Judge

A review of this file reveals that this Court lacks subject matter jurisdiction over this matter and accordingly, it is, *sua sponte*, remanded to the Superior Court, judicial district of Stamford. The self-represented defendant, Andrew Consiglio, (the "Defendant") removed this action, for the second time,[1] from the Connecticut Superior Court on July 29, 2019. *See Bank of New York v. Consiglio, Andrew, et al*, No. FST-CV08-5006978-S.

Federal courts have subject matter jurisdiction over only matters in which a federal question is raised or there is diversity of citizenship. *See* 28 U.S.C. §§ 1331,1332. Federal question jurisdiction exists where the action "aris[es] under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. "[A] suit 'arises under' federal law . . . 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). Diversity jurisdiction exists only where there is complete diversity of

---

[1] On August 18, 2017, the Defendant removed this matter to the district court. Upon motion of the Plaintiff, Bank of New York, the case was remanded back to state court upon a finding that the district court did not have subject matter jurisdiction to hear the matter. *Bank of New York v. Consiglio*, No. 3:17-CV-01408 (CSH), 2017 WL 4948069, at *3 (D. Conn. Nov. 1, 2017).

citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

**Federal Question Jurisdiction**

Here, there is no basis for federal question jurisdiction. The Defendant's Notice of Removal in this case (ECF No. 1) asserts federal jurisdiction on the basis that "[t]his action is a Civil action of which the Federal Court has original jurisdiction under § 1331 ... in that its causes of action arise[ ] under a federal question pertaining to the Fair Debt Collection Practices Act codified in 15 U.S.C. § 1692, et. seq., as well as HOEPA, RESPA, TILA and the Uniform Commercial Code (UCC)." Notice of Removal ¶ 1. As he was the first time he removed this case, the Defendant is mistaken. As previously observed, "[u]nder the long-established 'well-pleaded complaint rule,' federal subject matter jurisdiction under §1331 is limited to those cases in which the *complaint* relies upon some federal basis of law." *Consiglio*, 2017 WL 4948069, at *2*. And here again, the underlying complaint sounds only in foreclosure. "It is well settled that judgments of foreclosure . . . are fundamentally matters of state law." *Muong v. Fed. Nat. Mortgage Ass'n*, No. 13-cv-06564 (KAM), 2013 WL 6667374, at *2 (E.D.N.Y. Dec. 16, 2013) (collecting cases). The Defendant's citation to federal claims appears to derive from the "complaint" he seeks to bring against the Plaintiff. Although he refers to himself as the plaintiff, or sometimes the "purported defendant," it is clear that the Defendant's "complaint" is a counterclaim. And as this Court (Haight, J.) has already held, "counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance." *Consiglio*, 2017 WL 4948069, at *3 (quoting *Vaden*, 556 U.S. at 62).

The Defendant also asserts that removal is proper in light of the Supreme Court's decision in *Knick v. Twp. of Scott, Pennsylvania*, 139 S. Ct. 2162 (2019). In *Knick*, the Supreme

Court addressed the question of whether a property owner had to exhaust state court remedies before bringing a Fifth Amendment takings claim in federal court under § 1983. *Knick* has no application to this case. This case does not involve a government "taking" at all or claims under Section 1983. This is a foreclosure action brought by a private entity.

**Diversity Jurisdiction**

Although not asserted, diversity jurisdiction is also lacking. A case may not be removed to federal court if the "defendant[ ] is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b); *accord Wells Fargo Bank, National Association v. White*, 2018 WL 650372 at *2 ("A state court case is not removable, however, based solely on diversity jurisdiction if any defendant is a citizen of the state in which the action is brought") (citing 28 U.S.C. § 1441(b)(2)); *U.S. Bank Tr., N.A. for Wells Fargo Asset Sec. Corp. v. Walbert*, No. 3:17-CV-00991 (CSH), 2017 WL 3578553, at *3 (D. Conn. Aug. 18, 2017) ("Because Defendant appears to be a citizen of Connecticut, and has not alleged that he is a citizen of any other state, and Connecticut is the state in which the civil action is brought, the foreclosure action is not removable"). Here, the case was commenced against the Defendant in Connecticut Superior Court, and the Defendant is a citizen of the state of Connecticut. Thus, this foreclosure action is not removable on diversity grounds.

**Conclusion**

For the foregoing reasons, the Court lacks subject matter jurisdiction over this case, and it is *sua sponte* remanded back to the Connecticut Superior Court, judicial district of Stamford. *Royal Ins. Co. v. Jones*, 76 F. Supp. 2d 202, 204 (D. Conn. 1999) ("a court lacking subject matter jurisdiction over a removed action must remand that action to state court sua sponte or on motion"); *see United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark*

*Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (recognizing that lack of subject matter jurisdiction may be raised *sua sponte* by the court and that "[w]here jurisdiction is lacking . . . dismissal is mandatory"). The Clerk of the Court is directed to: (1) remand this matter to the Connecticut Superior Court, judicial district of Stamford, pursuant to 28 U.S.C. § 1447(c), and (2) close this case.

    **SO ORDERED** at Bridgeport, Connecticut, this 1st day of August 2019.

                                                 */s/ Kari A. Dooley*
                                                KARI A. DOOLEY
                                                UNITED STATES DISTRICT JUDGE